**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK C. BRINKLEY, | No. 09-17878 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01482-JLQ |
| v. | |
| BEN CURRY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Justin L. Quackenbush, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

California state prisoner Frederick C. Brinkley appeals pro se from the

district court's order denying his 28 U.S.C. § 2254 habeas petition as untimely.

We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Brinkley contends that he has made an adequate showing of actual innocence to warrant consideration of the merits of his untimely petition. The documents proffered by Brinkley do not demonstrate that it is "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *See Lee v. Lampert*, No. 09-35276, 2011 WL 3275947, at *6 (9th Cir. Aug. 2, 2011) (an otherwise time-barred petition may only be heard on the merits where the petitioner makes a sufficient showing of actual innocence).

Because the evidence upon which Brinkley relies falls short of meeting the *Lee* standard, the district court did not abuse its discretion in declining to hold an evidentiary hearing. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

Brinkley also suggests that his substantive actual innocence claim is timely because his petition was filed within one year of the date on which the factual predicate of his claim could have been discovered. Even giving Brinkley the benefit of the doubt as to when he discovered the alleged confession by another prisoner to his crime, however, his substantive actual innocence claim is untimely. *See* 28 U.S.C. § 2244(d)(1)(D).

Brinkley's request for judicial notice, received on June 9, 2010, is deemed filed and is denied.

**AFFIRMED.**

09-17878